## No. C-329

### Ronald G. Fischer v. Raymond Moore
(517 P.2d 458)

Decided December 24, 1973.     Rehearing denied January 21, 1974.

White and Steele, Lowell M. Fortune, for petitioner.

Holley, Boatright & Villano, George Alan Holley, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

On certiorari, the sole issue which we are called upon to resolve relates to the pleading and use of the so-called seat belt defense in Colorado to establish contributory negligence. In a well reasoned opinion expressing the views of the Court of Appeals, the late Judge William F. Dwyer thoroughly analyzed the law relating to the failure to use seat belts and concluded that under the doctrine of contributory negligence, as it then existed in Colorado, the failure to use seat belts neither established contributory negligence nor provided an affirmative defense. *Moore v. Fischer,* 31 Colo. App. 425, 505 P.2d 383 (1972). We affirm the Court of Appeals.

The automobile collision, upon which this civil tort action for damages was predicated, occurred prior to the time that the Colorado legislature enacted the comparative negligence statute. 1971 Perm. Supp., C.R.S. 1963, 41-2-14. As a result,

the disposition of this appeal is controlled by the doctrine of contributory negligence. Moreover, because contributory negligence acts as a complete bar to recovery and rests upon different policy considerations, the conclusions reached in this decision should not be construed to apply as a bar to the seat belt defense, in a similar factual setting, under the Colorado comparative negligence statute.

The plaintiff instituted this action to recover damages for personal injuries which he suffered as a result of a rear-end automobile collision. The severe impact which occurred between the vehicles in the collision indicated that the defendant was traveling at a high rate of speed when he collided with the plaintiff's stopped vehicle and that the defendant made little effort to decrease his speed prior to the crash. In fact, the proceedings held in the trial court, as reflected in the record, establish that the defendant was negligent as a matter of law in contributing to the collision and the plaintiff's resulting injuries. *Dilts v. Baker,* 162 Colo. 568, 427 P.2d 882 (1967).

At the time of the collision, the plaintiff was not wearing the seat belt which was available in his automobile. The defendant has argued that the plaintiff's failure to use a seat belt constitutes contributory negligence and should bar recovery. In the alternative, the defendant has argued that the failure to wear seat belts, if not contributory negligence *per se,* at least should be considered in mitigation of damages. The trial court and the Court of Appeals rejected both arguments.

Under the common-law principles of tort law, it is axiomatic that the tort-feasor must accept the plaintiff as he finds him and may not seek to reduce the amount of damages by spotlighting the physical frailties of the injured party at the time the tortious force was applied to him. *W. Prosser, Law of Torts,* § 50 (3d ed. 1964), p. 299; *Dulieu v. White & Sons,* 2 K.B. 669 (1901). *See* Williams, *The Risk Principle,* 77 L.Q. Rev. 179 (1961); *Newbury v. Vogel,* 151 Colo. 520, 379 P.2d 811 (1963). Along similar lines of reasoning, the common law dictates that the tort-feasor may not rely upon

the injured party's failure to utilize a voluntary protective device to escape all or a portion of the damages which the plaintiff incurred as a consequence of the defendant's negligence. *See Perkins v. Vermont Hydroelectric Corp.,* 106 Vt. 367, 177 A. 631 (1934); *Osborne v. Montgomery,* 203 Wis. 223, 234 N.W. 372 (1931); Federal Register, Vol. 34, No. 126, July 2, 1969; Tourin & Garrett, *Safety Belt Effectiveness in Rural California Automotive Accidents,* Automotive Crash Injury Research (ACIR), Cornell University (New York, 1960); Huelke & Gikas, *Causes of Death in Automobile Accidents,* University of Michigan (1966); *Seat Belt Status of Motor Vehicle Occupants Who Died in Accidents on Labor Day Weekend, 1966,* Statistics Division, National Safety Council, March 10, 1967; *A Study of Seat Restraint Use and Effectiveness in Traffic Accidents,* Highway Safety Foundation (1970); Chicago Traffic Safety Review, May-June, 1968; *Accident Facts,* National Safety Council, 1971 Edition.

We conclude, as the Court of Appeals has, that the failure of the driver or passenger in a motor vehicle to use a seat belt does not constitute contributory negligence and may not be pleaded as a bar to recovery of damages in an action against a tort-feasor whose negligence provides the initiating force and is a proximate cause of an injury to a driver or passenger. *See The Seat Belt Defense: A New Approach,* 38 Fordham L. Rev. 94 (1969); West, *Should Failure to Wear Seat Belts Constitute a Defense?,* 10 Ariz. L. Rev. 523 (1968). If we were to hold otherwise, the person who was driving a Volkswagen, and not a Mack Truck, could be said to be more vulnerable to injury and, therefore, guilty of contributing to his own injury as a matter of law. Such a result would be contrary to the entire "fault" philosophy which is found throughout the law of tort.

Moreover, to us, it would be improper for an injured driver or passenger to be penalized in the eyes of the jury by permitting evidence to be presented that a seat belt was available which had not been put in use. The seat belt defense would soon become a fortuitous windfall to tort-feasors and

would tend to cause rampant speculation as to the reduction (or increase) in the amount of recoverable damages attributable to the failure to use available seat belts. *Compare, Robinson v. Lewis,* 254 Ore. 52, 457 P.2d 483 (1969); *Miller v. Miller,* 273 N.C. 228, 160 S.E.2d 65 (1968); *Brown v. Kendrick,* 192 So.2d 49 (Fla. Ct. App. 1966); *with Harlan v. Curbo,* 250 Ark. 610, 466 S.W.2d 459 (1971); *Mount v. McClellan,* 91 Ill.App.2d 1, 234 N.E.2d 329 (1968); and *Sams v. Sams,* 247 S.C. 467, 148 S.E.2d 154 (1966). In comparing the cases which we have cited, it is apparent that the acceptance of the seat belt defense can only be justified as a deviation from common-law negligence on a public policy theory. *See Legislative Enactment of the Seat Belt Defense,* 58 Ia. L. Rev. 730 (1973). The legislature, and not the judiciary, serves as the barometer of public policy in Colorado. Prior to the adoption of our comparative negligence statute, the legislature did not enact, although it considered, seat belt legislation. Therefore, we are not inclined to alter the common law in the face of the legislature's failure to act in order to create a negligence defense which is wholly grounded on public policy considerations.

In short, the seat belt defense, under the laws that existed prior to the adoption of our comparative negligence statute, is not an affirmative defense to an action for negligence, and evidence that the injured party failed to wear a seat belt may not be brought before the jury in any form to establish contributory negligence or to reduce the amount of the injured party's damages.

Accordingly, we affirm.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE dissent.

MR. JUSTICE GROVES dissenting:

I dissent to the portion of the opinion which rules that failure to fasten a seat belt cannot be proximate cause of an injury.

MR. JUSTICE DAY and MR. JUSTICE LEE join in this dissent.