**Lilli CHURNING and Leon Churning, Plaintiffs-Appellees,**

v.

**Jon Robert STAPLES, Defendant-Appellant.**

**No. 79CA0953.**

Colorado Court of Appeals, Div. II.

April 16, 1981.

J. Stephen Price, Gerald W. Bennett, Colorado Springs, for plaintiffs-appellees.

Kane, Donley & Wills, Jerry Alan Donley, Colorado Springs, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals a judgment in favor of plaintiffs for damages arising out of an automobile rear end collision. We affirm.

Defendant first contends that the trial court erred in not submitting to the jury his tendered instructions on the negligence of plaintiffs as a contributing factor. He argues that the instructions should have been submitted because there was evidence that: (1) Plaintiff Leon Churning came to a sudden stop without signaling; (2) plaintiff Lilli Churning did not wear a seat belt; and (3) plaintiff Lilli Churning did not seek prompt medical care.

The issue of plaintiffs' negligence as a contributing factor in a tort action should not be submitted to the jury where there is no evidence to support it. *Ringsby Truck Lines, Inc. v. Bradfield*, 193 Colo. 151, 563 P.2d 939 (1977). Here, the only evidence to indicate that the plaintiffs' vehicle came to a sudden stop was a reference by plaintiff Leon Churning in his testimony that the cars in front of him had stopped, "kind of sudden." Considering the context of that testimony, and in light of Mr. Churning's further testimony that approximately 20 seconds elapsed from the time of the stop until defendant's vehicle struck his vehicle and that his brake lights were operational, in addition to defendant's testimony that his attention was diverted prior to the collision, we hold that the trial court did not err in excluding the issue of contributory negligence on the theory that plaintiffs made a sudden stop without signaling.

We are also in agreement with the trial court's exclusion of the issue of contributory negligence based on the theory that plaintiff, Lilli Churning, failed to use a seat belt.

In *Fischer v. Moore*, 183 Colo. 392, 517 P.2d 458 (1973), the court held that "the seat belt defense, under the laws that existed prior to the adoption of our comparative negligence statute, is not an affirmative defense to an action for negligence . . . ." While *Fischer* has not been extended to preclude the seat belt defense in cases brought under the comparative negligence statute, § 13–21–111, C.R.S. 1973, we find the logic in *Fischer* still compelling and hold that the seat belt defense is not available for purposes of determining the degree of plaintiff's negligence under the comparative negligence statute. *See Amend v. Bell*, 89 Wash.2d 124, 570 P.2d 138 (1977) (seat belt defense rejected under comparative negligence statute).

We find no merit in defendant's argument that an instruction should have been given on the theory that plaintiff Lilli Churning negligently contributed to her injuries by not seeking prompt medical attention. Evidence of this nature presents a question of mitigation of damages not contributory negligence. An instruction on mitigation was given.

Defendant also argues that the trial court erred in striking a portion of an

instruction dealing with the burden of proof required to establish an affirmative defense. While it is true that the jury should be instructed on the burden of proof required when mitigation of damages is an issue, *Comfort Homes, Inc. v. Peterson*, 37 Colo.App. 516, 549 P.2d 1087 (1976), in the instant case, failure to so instruct the jury is harmless error because plaintiffs are the parties potentially damaged. The defendant cannot complain of an error injurious only to his adversary. *Friesen v. People ex rel. Fletcher*, 118 Colo. 1, 192 P.2d 430 (1948); *Chicago, Rock Island & Pacific Ry. v. Hayes*, 49 Colo. 333, 113 P. 315 (1911).

While defendant concedes in his brief that the striking of the instruction as to the burden of proving an affirmative defense was "perhaps not prejudicial," he contends that after the court struck such instruction it went on to state to the jury that "the court is striking the affirmative defense in here because it doesn't believe that it can be so *returned* ...." Defendant contends that this was error because it was an improper comment on the weight of the evidence. We find no error.

 We first note that the defendant did not object to the trial court's statement during trial, and in the absence of such specific objection, defendant may not assert error. *See Kitto v. Gilbert*, 39 Colo.App. 374, 570 P.2d 544 (1977). In any event, we note that the court determined that the reporter had incorrectly recorded the word "returned" instead of the word "termed" as used by the court. In so doing the court properly exercised its discretion under C.A.R. 10(e), and absent evidence to the contrary, which defendant has not produced, we presume that the court acted under the solemnity of its oath in determining the authenticity of the transcript. *Hudson v. American Founders Life Insurance Co.*, 151 Colo. 54, 377 P.2d 391 (1962).

We also find no merit in defendant's contention that the findings of the jury are not supported by the evidence. There is evidence in the record which supports the findings and they are therefore binding on

review. *See Sanchez v. Rice*, 40 Colo.App. 481, 580 P.2d 1261 (1978).

Judgment affirmed.

BERMAN and KIRSHBAUM, JJ., concur.