The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Charles J. SANDOVAL,
Defendant-Appellant.

No. 84CA0485.

Colorado Court of Appeals,
Div. I.

Aug. 29, 1985.

Rehearing Denied Oct. 3, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Herbert L. Stern, III, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Charles J. Sandoval, appeals the judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child. We affirm.

On July 20, 1983, defendant, his girlfriend, Kim, and Kim's infant daughter, went to Kim's parent's home in Denver. Also residing at the home was the victim, Kim's ten-year-old half-sister. Defendant and Kim had been asked by the victim's mother to babysit the victim the following day and were invited to spend the night on a mattress that Kim had laid on the living room floor. Defendant, Kim, and the victim sat in the living room talking and watching television until approximately 3:30 in the morning.

The victim testified that after Kim fell asleep, defendant touched her genitals and forced her to masturbate him to ejaculation. Later during the day the victim told Kim, her mother, and a neighbor about the incident. Defendant denied victim's allegations.

### I.

Defendant first contends that the trial court erred in admitting the hearsay statements of the neighbor regarding the sexual assault because 14 hours had elapsed between the occurrence of the incident and the victim's report to the neighbor. The trial court admitted the testimony of the neighbor on the basis of the excited utterance exception to the hearsay rule of exclusion. We perceive no error in the trial court's ruling.

CRE 803(2) defines excited utterance as: "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Although the temporal proximity between the startling event and the declarant's statement is not without significance, it is not conclusive on the issue of admissibility, particularly when the declarant is a child. *People in Interest of O.E.P.*, 654 P.2d 312 (Colo.1982); *People v. Roark*, 643 P.2d 756 (Colo.1982). In such situations, the trial court, which has a first hand opportunity to observe the age and emotional maturity of the child, is in a preferred position to determine whether the startling event has caused sufficient stress to render the child's statements admissible as excited utterances. *People in Interest of O.E.P., supra.*

Here, the victim told her sister, Kim, about the assault at the first opportunity she had outside the defendant's pres-

ence. In addition, the victim phoned her mother at work and told her that the defendant had done "something bad," but that she could not talk because defendant was still in the house. The victim also related the incident to her neighbor, to whom the victim was very close, within ten minutes of the time the neighbor returned home from work.

The neighbor testified that the victim was shaking and cried "for a real long time." The prolonged crying which occurred before, during, and after the victim's account of the sexual assault to the neighbor demonstrates that the stressful effects of the incident were still present. Furthermore, the victim initially explained her experience with words and actions which were appropriate for a ten-year-old child. *See People in Interest of O.E.P., supra.*

■ Considering the totality of circumstances surrounding the victim's hearsay statements, we conclude that the trial court did not err in admitting the neighbor's testimony because the victim's statements qualified as excited utterances under CRE 803(2). Moreover, given the fact that the victim told Kim about the incident at the first opportunity she had outside the defendant's presence, we perceive no error in the submission by the trial court of an instruction regarding prompt outcry.

## II.

Defendant also contends that a mistrial should have been granted because of certain statements made by the prosecuting attorney during trial. We disagree.

■ Defendant first objected to remarks made by the prosecutrix during her opening statement, asserting that they were argumentative and designed to appeal to the jury's sympathy for the child victim. The court sustained the objection and instructed the prosecutrix to limit her argument to an outline of what the People expected to prove. The jury was later instructed that its decision must be based on the application of rules of law through the evidence presented at trial and that sympathy or prejudice should not influence its decision. Thus, the prejudicial effect, if any, of the prosecutrix' brief comments was minimal, and the general cautionary instruction to the jury was sufficient to cure any error.

■ Defendant also objected to a question in which the prosecutrix asked the victim whether the victim had vomited before coming into the courtroom. The court overruled the objection, stating that the question related to the victim's credibility and demeanor. Since the jury is allowed to consider demeanor of witnesses when assessing credibility, *People v. Constant,* 645 P.2d 843 (Colo.1982), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982), we find nothing objectionable in permitting the victim to be asked if she had recently been sick or if she was feeling ill.

■ The final alleged instance of prosecutorial misconduct occurred when the prosecutrix asked the victim why she was scared to tell Kim or her mother about what had happened. The victim responded in part that defendant "knows how to kill people." Defendant objected, the objection was sustained by the trial court, and the jury was instructed contemporaneously to disregard the victim's statement. In addition, a general instruction admonished the jury not to "consider any evidence to which an objection has been sustained or which [the court has] instructed you to disregard." We must presume that the jury followed these instructions, *People v. Reed,* 42 Colo.App. 275, 598 P.2d 148 (1979), and accordingly, we find no abuse of discretion in the trial court's refusal to declare a mistrial.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.