**Shirley S. HOFFMAN,**
**Plaintiff–Appellee,**

v.

**Larry A. SCHAFER, Defendant–**
**Appellant.**

**No. 89CA0980.**

Colorado Court of Appeals,
Div. I.

Feb. 14, 1991.

Rehearing Denied March 14, 1991.

Certiorari Granted Sept. 9, 1991.

Bragg, Baker & Cederberg, P.C., John T. Baker, Patrick J. Burke, T. Mark Kulish, Denver, for plaintiff-appellee.

Madden & Strate, P.C., George J. Strate, David L. Fry, Wheat Ridge, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Larry A. Schafer, appeals the judgment entered on jury verdicts in favor of the plaintiff, Shirley S. Hoffman. Defendant contends that the trial court improperly instructed the jury and that the jury returned inconsistent verdicts. We affirm.

This action arises out of a car-pedestrian accident in which plaintiff suffered injuries including a fractured back, leg, and knee cap. Plaintiff sued defendant for negligence and willful and wanton conduct. She sought compensatory damages both for economic and noneconomic injuries and punitive damages for defendant's alleged willful and wanton conduct.

Defendant admitted negligence but the parties proceeded to trial on the willful and wanton conduct claim and the damage issues.

The jury returned verdicts in plaintiff's favor awarding her $175,000 noneconomic damages, $500,000 economic damages, $15,500 for physical impairment or disfigurement, and $25,000 punitive damages. The punitive damage award is not challenged in this appeal.

## I.

One instruction given told the jury not to refuse to award or to reduce the amount of damages it awarded plaintiff because of "any physical frailties of the

plaintiff that may have made her more susceptible to injury, disability, or impairment." This is commonly known as the "eggshell plaintiff doctrine" or "thin skull rule." Defendant argues that such instruction is legally incorrect. We disagree.

The instruction is based on *Fischer v. Moore*, 183 Colo. 392, 517 P.2d 458 (1974) in which our supreme court stated:

"[I]t is axiomatic that the tort-feasor must accept the plaintiff as he finds him and may not seek to reduce the amount of damages by spotlighting the physical frailties of the injured party at the time the tortious force was applied to him."

The challenged instruction is a proper statement of the law. *See W. Prosser & W. Keeton, Torts* § 43 (5th ed. 1984); Williams, *The Risk Principle*, 77 L.Q.Rev. 179 (1961). Defendant, however, contends that the instruction improperly directs the jury to resolve a question of fact in plaintiff's favor. He asserts that it tells the jury to find that plaintiff, in fact, suffered from physical frailties. We do not agree.

The instruction is phrased so as to allow the jurors to decide the fact question on their own. It merely instructs them that if they determine that plaintiff had frailties, then they are not to reduce her damages because of them.

## II.

■ Besides attacking its legal propriety, defendant also argues that it should not have been given because it is not supported by the evidence and because the other instructions given were adequate to inform the jury of the issues for resolution. We again disagree.

Plaintiff's position on this issue is that she suffered from impairments or conditions that caused her to incur greater damages from the accident than an average person would have under the same circumstances. She asserts defendant was liable for these additional damages since they were proximately caused by his negligence.

Plaintiff presented expert testimony in support of this position. Medical experts testified that the plaintiff suffered from

causalgia which caused her to suffer more pain after the accident than a person without the condition would have suffered. They also testified that plaintiff had thrombophlebitis which required her to take anticoagulant drugs and delay surgery.

There is also evidence that plaintiff suffered more damages than someone younger than she would have under the same circumstances. Plaintiff's physical therapist testified that the functioning of her knee and her ability to recover from the accident was adversely affected by her age. In addition, the vocational rehabilitation counselor testified that plaintiff was disadvantaged in the job market after the accident because of her age and gender.

The challenged instruction addresses this evidence. The remaining instructions do not fully set forth the law that applies to these facts.

■ A party is entitled to an instruction on her theory of the case if it is supported by the evidence. *Newbury v. Vogel*, 151 Colo. 520, 379 P.2d 811 (1963). Furthermore, defendant concedes that the jury was to decide the extent of any injury to plaintiff resulting from his negligence. Thus, the challenged instruction was properly given.

## III.

Defendant's final contention is that the $500,000 verdict for economic damages must be set aside as it is inconsistent with the verdict of $15,500 for physical impairment or disfigurement. We disagree.

The defendant asserts the $500,000 economic award reflects a finding of significant physical impairment while the award of $15,500 reflects a finding of no significant impairment. Further the defendant argues that, if the $15,500 award reflects damages for disfigurement, then the jury found no physical impairment and there was no basis for awarding economic damages.

■ A jury verdict will not be reversed for inconsistency if the record reveals any basis for the verdict. *City of Aurora v. Loveless*, 639 P.2d 1061 (Colo.1981).

Here, the jury was instructed to determine compensatory damages in three separate categories and in the following order: (1) noneconomic losses, (2) economic losses, and (3) physical impairment or disfigurement. It was further admonished not to award damages in the third category for losses or injuries compensated in the first two.

Absent a contrary showing, it is presumed that the jury understood and heeded the trial court's instructions. *Greenemeier v. Spencer*, 719 P.2d 710 (Colo.1986); *People v. Exline*, 775 P.2d 48 (Colo.App.1988).

Category three is in the disjunctive. Therefore, it is conceivable that the jury awarded damages for plaintiff's physical impairment in the first and second categories and when it reached category 3 awarded the $15,500 for disfigurement alone. Accordingly, the verdict is not inconsistent.

Defendant's remaining contentions are without merit.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.