Thomas E. MARGENAU,
Plaintiff–Appellee,

v.

Leah M. BOWLIN, Defendant–Appellant.

No. 99CA0059.

Colorado Court of Appeals,
Div. IV.

Aug. 31, 2000.

Law Offices of David W. Doyle, LLC, David W. Doyle, Wheat Ridge, Colorado, for Plaintiff–Appellee.

Seaman and Giometti, P.C., Gregory R. Giometti, Karl A. Chambers, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Leah M. Bowlin, appeals from a judgment awarding plaintiff, Thomas R. Margenau, $112,000 for injuries sustained in an automobile accident. On appeal, defendant claims that a mistrial should have been declared upon the receipt of testimony indicating that she had received a traffic ticket in connection with the accident, that deposition testimony was improperly admitted into evidence, and that the evidence does not support the amount of damages awarded. We affirm.

On the morning of February 10, 1993, as defendant was traveling around a curve on Highway 85, she lost control of her car on the ice, crossed the center line, and hit plaintiff's vehicle head-on.

After a five-day trial, the jury returned a verdict in favor of the plaintiff and awarded him $33,000 for noneconomic losses, $69,000 for economic losses, and $10,000 for physical impairment or disfigurement.

## I. Mistrial

Defendant contends that the trial court erred in denying her motion for mistrial after plaintiff testified that defendant had been issued a traffic citation in connection with the accident. We disagree.

During direct examination, plaintiff was asked whether, as defendant indicated in his opening statement, he had ever stated that the accident occurred at between 90 and 100 miles per hour. After plaintiff indicated that he had made such a statement, the following took place:

Q. How did you come to this conclusion, if you made that statement?

A. When the state trooper, when I was at the hospital the state trooper came up to tell me that everything would be all right and that he had issued a ticket to —

THE COURT: Ah —

THE WITNESS:—to the defendant.

The trial court immediately excused the jury, whereupon defendant requested a mistrial, arguing that the testimony about the citation was highly prejudicial as to whether she had negligently caused the accident. In an effort to determine what plaintiff had said, the court had the court reporter read back plaintiff's answer to the question. For some reason, not apparent from the record, the court reporter did not read back that part of plaintiff's answer explicitly identifying defendant as the recipient of the traffic citation.

Ultimately, the trial court determined, without any objection from either party, that plaintiff had not, in his testimony, explicitly identified defendant as the recipient of the citation. The court agreed with defendant, however, that the inference was abundantly clear that it was defendant who had received the citation.

The trial court acknowledged that testimony of this nature could prejudicially impact the jury with respect to the negligence issue. *See Jackson v. Moore,* 883 P.2d 622 (Colo. App.1994)(not addressing, however, propriety of ruling on mistrial motion). Nonetheless, the court denied defendant's motion for mistrial and instructed the jury as follows:

The law of the state of Colorado is that the fact that an officer issues a citation to anybody is not evidence of negligence by any party. In fact ... it was never disclosed to you to whom any citation was issued. I instruct you specifically to disregard any reference to the fact, if it was a fact, that a citation was issued. You may not consider that in any way in determining the issues in this case.

A mistrial is warranted where the prejudice created from improper testimony renders the trial unfair to the other party. *See Ortivez v. Davis,* 902 P.2d 905 (Colo.App. 1995). It is within the discretion of the trial court whether to grant a mistrial, and only if the trial court abuses this discretion will we find reversible error. *Miller v. Rowtech,* 3 P.3d 492 (Colo.App.2000). A court abuses its discretion only when its actions are "manifestly arbitrary, unreasonable, or unfair." *Hock v. New York Life Insurance Co.,* 876 P.2d 1242 (Colo.1994).

On appeal, defendant claims that the court necessarily abused its discretion because, as a result of the incomplete re-reading of the plaintiff's testimony, it did not understand that defendant had been specifically identified as the individual who received the citation. And, in her view, a mistrial was required because it was impossible to "unring the bell" with a curative instruction. We are not persuaded.

A mistrial is not warranted if the prejudice to a party can be remedied by other means. *See People v. Fears,* 962 P.2d 272 (Colo.App.1997). Ordinarily, curative instructions are sufficient to overcome evidentiary error, *see People v. Gillispie,* 767 P.2d 778 (1988), and jurors are presumed to follow instructions given by the court. *Lexton–Ancira Real Estate Fund v. Heller,* 826 P.2d 819 (Colo.1992).

The defendant's reliance on *Ripple v. Brack,* 132 Colo. 125, 286 P.2d 625 (1955) is misplaced. In *Ripple,* the plaintiff and defendant were also involved in a head-on collision on an icy road. During cross-examination of the investigating officer, defendant asked whether he had charged plaintiff with a traffic violation and whether he had checked to see what plea plaintiff entered on the charges filed against him. When plaintiff objected to these questions, defendant indicated he could obtain the information from another witness. Defendant ultimately withdrew his question about the traffic citation, and no curative instruction was requested or given.

On appeal, the supreme court concluded that, in asking about the existence of traffic charges and a plea thereto, defense counsel defeated the purposes underlying the statute, now codified at § 42–4–1713, C.R.S.1999, prohibiting evidence of traffic convictions in civil cases. In light of the apparent prejudice to plaintiff resulting from the questions, reversal was required.

Here, unlike in *Ripple,* the objectionable testimony referenced only the issuance of a traffic ticket. *See Thompson v. Tartler,* 166 Colo. 247, 252–53, 443 P.2d 365, 367 (1968)(question about person receiving traffic ticket did "not bring the motion for mistrial within the ambit of the proscription of the statute since the statement made no mention of a 'conviction' nor was any effort made to introduce a 'record of the conviction of any person' ").

Also, unlike in *Ripple,* here plaintiff's counsel did not intentionally attempt to solicit the testimony. Rather, the testimony entered the case inadvertently through the non-responsive answer of the witness. *See Miller v. Rowtech, supra* (inadvertent reference to availability of insurance coverage). Finally, unlike in *Ripple,* the trial court immediately interrupted the testimony and gave the jury a curative instruction. No mention of the citation was repeated, and the officer who investigated the accident later testified without mentioning the citation or expressing any view concerning fault for the accident.

Under the circumstances, while we agree the testimony should not have been given, we conclude that the trial court did not abuse its discretion in denying defendant's

motion for mistrial. *Cf. People v. Rosa*, 928 P.2d 1365 (Colo.App.1996)(in light of curative instruction, mistrial not required in connection with officer's testimony that defendant refused to speak to police after being advised of his rights); *People v. Haynie*, 826 P.2d 371 (Colo.App.1991)(in light of curative instructions, mistrial not required either for unintentionally elicited, unresponsive answer indicative of prior criminality or for inadmissible expert opinion evidence on the victim's truthfulness).

## II. Deposition Testimony

■ Defendant contends that the trial court committed reversible error when it permitted plaintiff to read an expert's deposition into evidence without complying with the foundational requirements of CRE 804(b)(1), the former testimony exception to the rule against hearsay. We disagree.

Prior to trial, defendant conducted a discovery deposition of plaintiff's expert. However, plaintiff did not subpoena the expert for trial. Instead, he attempted to arrange for the expert's voluntary presence at trial. He was told, however, that the expert would be unavailable during the entirety of the trial because of a longstanding commitment to attend an international medical symposium in Texas. Plaintiff then attempted to arrange a videotaped deposition of the expert, but his efforts were unsuccessful because of difficulties in scheduling the deposition at a mutually convenient time.

The trial court admitted the deposition testimony at trial, finding that: (1) because he was more than 100 miles from the courthouse, the expert was unavailable for trial; and (2) defendant had had an adequate opportunity and motive to examine the expert about his opinions during the deposition. With respect to this latter point, the court noted that the "huge bulk of the deposition" could be characterized as cross-examination of the expert by defendant.

Under CRE 804(b)(1), deposition testimony is admissible if the deponent is unavailable to testify and "if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

According to defendant, the expert here could not be considered to be unavailable for purposes of CRE 804(b)(1), because plaintiff had not shown that he had been "unable to procure" the expert's attendance "by process or other reasonable means." CRE 804(a)(5). Defendant correctly points out that there was neither a finding, nor evidence, of the reasonableness of plaintiff's efforts to procure the expert's attendance at trial. Further, defendant claims, her motive in conducting a discovery deposition was not the same as or similar to the motive she would have had in examining the expert at trial.

We find no error in the admission of the deposition testimony into evidence.

The former testimony exception to the rule against hearsay is not the only vehicle for admitting deposition testimony into evidence. CRE 802 provides that: "Hearsay is not admissible except as provided by these rules *or by the civil* and criminal *procedural rules* applicable to the courts of Colorado or by any statutes of the State of Colorado." (emphasis added)

C.R.C.P. 32 permits the use of deposition testimony in civil trials. C.R.C.P. 32 was originally adopted, in much the same form as it appears now, as R.C.P. Colo. 26 in 1941, *see* C.R.S.1935 (1941 Repl.Vol. 1), nearly forty years before the adoption of the Colorado Rules of Evidence. *See People v. Garner*, 806 P.2d 366 (Colo.1991)(Colorado Rules of Evidence went into effect January 1, 1980).

■ C.R.C.P. 32 is, then, an independent and alternative vehicle to CRE 804(b)(1) for admitting deposition testimony into evidence in civil cases. *See* 5 J.M. McLaughlin, *Weinstein's Federal Evidence* § 804.04[1][b] at 804–29 (2d Ed.2000) (provisions of substantially identical Fed.R.Civ.P. 32 "create of their own force exceptions to the hearsay rule in the case of unavailable deponents"); 7 J. Moore, *Federal Practice* § 32.02[1][b] at 32–13 (3d Ed.1997)(rule 32 "works as an exception to the hearsay rule"); J. Coffey, *Admissibility of Prior–Action Depositions and Former Testimony Under Fed.R.Civ.P. 32(a)(4) and Fed.R.Evid. 804(b)(1): Courts Differing Interpretations*, 41 Wash. & Lee L.Rev. 155, 160 (1984)("deposition testimony also is admissible if that testimony meets the

provisions of rule 32 but not the provisions of rule 804").

In order to be introduced into evidence under C.R.C.P. 32, the deposition testimony must be of a nature which would itself be admissible if the deponent were present and testifying in court. *See* C.R.C.P. 32(b). *See also* J. Moore, *Federal Practice, supra,* § 32App.02[2] at 32App. –4 and –5 (noting a difference in language between current Fed. R.Civ.P. 32(a) and that which appears in C.R.C.P. 32(a), but concluding that the additional federal rule language was meant simply to clarify that objections should be based on the contents of the testimony rather than the absence of the deponent from trial).

Additionally, the opposing party must have had reasonable notice of the deposition and either been present or represented at the taking of the deposition; and one of five circumstances must be present. C.R.C.P. 32(a). One such circumstance is that "the witness is at a greater distance than 100 miles from the place of trial or hearing, ... unless it appears that the absence of the witness was procured by the party offering the deposition...." C.R.C.P. 32(a)(3)(B).

At trial, plaintiff cited the provisions of C.R.C.P. 32. Defendant did not object to the nature of the testimony in the deposition. Defendant had obviously been represented at the deposition; her counsel conducted the deposition. The expert was shown to be more than 100 miles away at the time of trial, and plaintiff had attempted to procure the expert's presence at, not absence from, trial.

Under C.R.C.P. 32(a)(3)(B), plaintiff need not have subpoenaed or attempted to subpoena the expert for trial. *See Campbell v. Graham,* 144 Colo. 532, 357 P.2d 366 (1960)(decided under former R.C.P. Colo. 26). *See also* J. Moore, *Federal Practice, supra,* § 32.24[4][a] at 32–39 ("There is a distinction between procuring the absence of a witness and doing nothing to facilitate his or her presence."). Nor does it make any difference that the deposition had been taken only for discovery purposes. *Savoie v. Lafourche Boat Rentals, Inc.,* 627 F.2d 722 (5th Cir. 1980).

Consequently, we find no error in the admission of the deposition testimony into evidence.

### III. Excessive Damages

Defendant also argues that the evidence is insufficient to support the award of $69,000 for economic damages and that, consequently, the trial court should have granted her motion for remittitur or a new trial. We disagree.

Defendant does not argue that the verdict was the result of passion or prejudice. Rather, she argues that the evidence supporting the jury's award of future economic damages was speculative in nature. To this end, she points to parts of the record in which the plaintiff's rehabilitation physician appeared to be equivocal about whether the accident had caused plaintiff's injuries and testified that, although plaintiff would have intermittent problems with his back for the rest of his life, he was unsure how many times plaintiff would need treatment.

The amount of damages to be awarded is a matter within the sole province of the jury, and such award may not be disturbed unless it is completely without support in the record. *Dupont v. Preston,* 9 P.3d 1193 (Colo.App.2000).

An amount of damages need not be determined via a mathematical formula; it may be an approximation if the fact of damages is certain and there is some evidence from which the jury can make a reasonable estimation. *See Hauser v. Rose Health Care Systems,* 857 P.2d 524 (Colo.App.1993).

Here, the record contains evidence from which the jury could have reasonably concluded that the injuries were caused by the accident and would require substantial and ongoing treatment for the rest of plaintiff's life.

The rehabilitation physician testified that plaintiff's back injury was consistent with a head-on automobile collision, that plaintiff was asymptomatic at the time of the accident, and that, to a reasonable degree of medical probability, plaintiff had incurred permanent injury, involving chronic pain to his lower back, as a result of the accident. Further, he related, all to a reasonable degree of medical probability, that: (1) plaintiff, who had a life expectancy of 27.5 years, would likely require between two and four

annual medical treatments for flare-ups or exacerbations of his back injury; (2) the reasonable cost of treatment would range from $2,000 to $3,000 for an average flare-up, and from $4,000 to $6,000 if a nerve root block treatment was needed; and (3) one block treatment a year could reasonably be anticipated.

It is for the jury to determine the weight of, and to resolve conflicts and inconsistencies in, the evidence. *See Gordon v. Benson,* 925 P.2d 775 (Colo.1996). Here, with evidentiary support, the jury returned a verdict of $69,000 economic damages for plaintiff. We are not at liberty to disturb that verdict on appeal. *See Dupont v. Preston, supra.*

Accordingly, the judgment is affirmed.

Judge MARQUEZ and Judge ROTHENBERG concur.