Charles W. WARK, Shauna L. Wark, and Savanah J. Wark, by and through her next friends and parents, Charles W. Wark and Shauna L. Wark, Plaintiffs–Appellants,

v.

Richard M. McCLELLAN, Defendant–Appellee.

No. 01CA1496.

Colorado Court of Appeals, Div. III.

March 13, 2003.

Crane & Tejada, P.C., Alex C. Tejada, Bethiah Beale Crane, Durango, Colorado, for Plaintiffs–Appellants.

James R. Alvillar & Associates, James R. Alvillar, Rachelle Roberson, Grand Junction, Colorado, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

Plaintiffs, Charles W. Wark, Shauna L. Wark, and Savanah J. Wark, appeal from the judgment entered on a jury verdict in favor of defendant, Richard M. McClellan, on plaintiffs' claims for negligence, wrongful death, negligent infliction of emotional distress, loss of consortium, and loss of services of a minor. We affirm and remand.

The case arises from an automobile accident that occurred on a mountain dirt road in rural Colorado. Plaintiffs were passengers in a large pickup truck that was towing a loaded horse trailer. In the cab of the truck were plaintiffs, Shauna and Charles Wark (mother and father, respectively, or parents), their two nine-year-old twin daughters, Lerisa and Savanah Wark, and the driver. The occupants were seated next to each other in the cab of the truck, and Lerisa was sitting on father's lap. Father and the driver had consumed alcohol before entering the truck, and none of the occupants was restrained.

Defendant also was driving a large pickup truck with a trailer containing construction materials. The accident occurred at a narrow part of the road. Plaintiffs' truck was traveling downhill, came around a blind curve, and encountered defendant's truck, facing uphill, either stopped or moving slowly. Plaintiffs' truck maneuvered around defendant's truck on the inside, but the two trailers collided, and plaintiffs' truck then swerved to the outside and rolled down a steep embankment into the river. The driver and Lerisa died in the accident.

The driver was designated a nonparty at fault. The jury returned a verdict finding defendant not negligent and awarding no damages to plaintiffs. The court awarded costs to defendant.

On appeal, plaintiffs argue that a variety of procedural and evidentiary errors were prejudicial enough to warrant a new trial. Plaintiffs also challenge the trial court's determination of costs. Except for an adjustment of the costs calculation, we find no basis for reversal.

I.

Plaintiffs first contend that the court erred in denying a motion for mistrial based on evidentiary errors and unduly prejudicial statements by defense counsel. While we agree that defense counsel occasionally acted with questionable propriety, we disagree that a mistrial was warranted.

A mistrial is warranted where the prejudice created from improper testimony renders the trial unfair to the other party. *Margenau v. Bowlin*, 12 P.3d 1214 (Colo. App.2000). A mistrial is a drastic remedy, and we will not disturb the trial court's decision absent a gross abuse of discretion and prejudice to the moving party. Moreover, a mistrial is warranted only where the prejudice to the moving party cannot be remedied by other means. *See People v. Abbott*, 690 P.2d 1263 (Colo.1984); *Pyles–Knutzen v. Board of County Comm'rs*, 781 P.2d 164 (Colo.App.1989).

### A.

Plaintiffs first contend that the trial court erred in making certain evidentiary rulings. We disagree.

A trial court has considerable discretion in ruling upon the admissibility of evidence, and we will find an abuse of discretion only if its ruling is manifestly arbitrary, unreasonable, or unfair. *See Rojhani v. Meagher*, 22 P.3d 554 (Colo.App.2000).

Generally, evidence that logically tends to prove or disprove a fact in issue or that sheds light upon a matter contested is relevant. Evidence so remotely related to contested issues that it affords only conjectural inference should not be admitted. *People v. Rudnick*, 878 P.2d 16 (Colo.App.1993). A trial court has considerable discretion in determining whether evidence has logical relevance. *People v. Saiz*, 32 P.3d 441 (Colo. 2001).

### 1.

At trial, plaintiffs objected to the testimony of the defense accident reconstruction expert because he had inspected the road after it had been altered. Plaintiffs also objected to the introduction of photographs of the road taken after the alteration. Plaintiffs continue on appeal to object to the expert's testimony as irrelevant and unreliable. We disagree.

We perceive no abuse of discretion in the court's determination that, regardless of the road modifications, the expert testimony could assist the jury in understanding the evidence. *See* CRE 702; *People v. Shreck*, 22 P.3d 68 (Colo.2001)(trial court has broad discretion in determining the admissibility of scientific evidence and should consider the reliability of the scientific principles, the qualifications of the witness, and the usefulness of the testimony to the jury). Importantly, we note, in rendering his opinion, the expert took the change in road conditions into account.

Moreover, to minimize any prejudice or confusion, the court excluded photographs taken by the expert that showed the modified road at the place of impact. Conversely, photographs of areas of the road other than the specific accident site, as the expert testified, established the approach to the point of impact and were neither confusing nor misleading.

### 2.

We also disagree with plaintiffs that reversal is required because a defense psychiatric expert, retained only to testify on the question of mitigation of damages, was allowed to testify as to father's alcohol consumption. Because the statement went beyond the scope of the anticipated testimony, it should have been timely disclosed. However, the court sustained plaintiffs' objection and limited that portion of the testimony to a single, brief sentence. *See* C.R.C.P. 16(b)(4); *Freedman v. Kaiser Foundation Health Plan*, 849 P.2d 811 (Colo.App.1992)(court has discretion to impose sanctions when expert testifies outside areas disclosed).

### 3.

At trial, defendant asked a police officer whether, at the accident scene, he had determined that defendant had "violated any statutes of . . . the traffic code." Plaintiffs objected, and the court, in camera, stated that it would be inappropriate for the officer to answer the question, but ultimately did not sustain or overrule the objection and did not give a curative instruction to the jury. Plaintiffs contend that the court erred by not granting a mistrial on this basis. We disagree.

Section 42–4–1713, C.R.S.2002, as relevant here, states that "no record of the conviction of any person for any violation of this article shall be admissible as evidence in any court in any civil action." This statutory proscription extends to reference to the issuance of a ticket. *See Ripple v. Brack,* 132 Colo. 125, 286 P.2d 625 (1955)(statement by counsel regarding charges filed against defendant and question "you charged him with a traffic violation?" defeats underlying purpose of statute).

Here, however, rather than referring to a conviction or the issuance of a ticket, defendant asked the officer his opinion as to whether defendant had violated any traffic laws. Moreover, the trial court did not allow the witness to answer the question, and the question was not repeated.

Under these circumstances, although we disapprove of defense counsel's tactic, the mere possibility that the jury could infer that a traffic ticket had not been issued did not render the question so prejudicial as to require a mistrial. *See Margenau v. Bowlin, supra* (denying mistrial not abuse of discretion where reference was only to issuance of a traffic ticket, no mention of the citation was repeated, and reference was inadvertent); *Jackson v. Moore,* 883 P.2d 622 (Colo.App.1994)(statement regarding issuance of ticket not expressly disallowed by statute; therefore, attorney fees should not have been awarded for mistrial).

Moreover, to the extent plaintiffs argue that because the question required a factual conclusion as to fault, it invaded the province of the jury, we note again that the court did not allow the officer to answer.

### B.

Plaintiffs next challenge alleged improper statements by defense counsel.

### 1.

During opening and closing statements, defense counsel referred to evidence that parents did not wear seat belts and did not restrain their children. Plaintiffs contend that by making these statements, defendant improperly characterized the seat belt de-fense as going to comparative negligence. We disagree.

Evidence regarding lack of seat belt use is admissible at trial, but only to reduce an award of damages for pain and suffering. *See* § 42–4–237(7), C.R.S.2002; *Churning v. Staples,* 628 P.2d 180 (Colo.App.1981). Accordingly, statements regarding how the failure to use a seat belt caused certain injuries may be admitted. *See Anderson v. Watson,* 953 P.2d 1284 (Colo.1998)(defendant may, but is not required to prove causal relationship between lack of seat belt use and injuries, and need prove only that seat belt was not worn).

[12] Here, although the record indicates that defense counsel walked a dangerously fine line, generally, counsel's statements were not directed to parents' negligence, but rather to the causation of their injuries. Furthermore, the jury was given a proper limiting instruction at the close of the evidence. *See Williams v. Chrysler Ins. Co.,* 928 P.2d 1375 (Colo.App.1996)(the form of a limiting instruction is within the discretion of the trial court); *People v. Sandoval,* 709 P.2d 90 (Colo.App.1985)(we must presume that the jury followed the instructions given to it).

Similarly, we disagree with plaintiffs that it was error to allow the accident reconstruction expert to testify regarding lack of seat belt use. The court properly found that the testimony did not misstate the law and that a contemporaneous instruction would have been confusing to the jury. *See Williams v. Chrysler Insurance Co., supra.*

### 2.

We disagree with plaintiffs that other comments of defense counsel cumulatively required a mistrial. Specifically, plaintiffs argue that defendant improperly referred to the penalty of perjury during impeachment of father, questioned father regarding his blood alcohol level, and referenced plaintiffs' prior lawsuits against other parties, which had been dismissed, to suggest that plaintiffs did not bring an action based on defendant's negligence until they had lost the prior lawsuits.

However, the court, while admonishing counsel's questionable impeachment tactic, nevertheless found that the questioning did not prejudice plaintiffs, and we agree. Furthermore, father's blood alcohol level was relevant to his ability to judge whether the driver could drive safely and, accordingly, was relevant to parents' comparative negligence. *See* CRE 401. And questioning regarding the prior lawsuits did not require a mistrial because the trial court ruled that the questioning was inappropriate and instructed the jury to disregard it. *See People v. Sandoval, supra.*

## II.

Plaintiffs next contend that the court erred in instructing the jury on comparative negligence. Specifically, plaintiffs argue that parents, as passengers in the vehicle, could not have been negligent and, accordingly, such instruction was improper.

At trial, defendant asserted three grounds to support a comparative negligence instruction: parents did not restrain themselves and their children with seatbelts; they did not ask the driver to reduce his speed or drive within his lane of traffic; and they allowed themselves and their children to be passengers in a vehicle with a driver who had consumed alcohol. Apparently agreeing with each of defendant's theories, the court allowed the instruction. Plaintiffs contend that a comparative negligence instruction was improper on each of those bases. We agree in part, but find any error to be harmless.

As discussed, the seat belt defense is irrelevant to the determination of negligence, and parents' failure to use seat belts on themselves or their daughters pertained only to the issue of noneconomic damages. *See* § 42–4–237(7), C.R.S.2002; *Churning v. Staples, supra.*

Because § 42–4–236(2)(c), C.R.S. 2002, which provides that a driver must restrain child passengers, specifically applies to the driver of the vehicle, not parents who, as here, were passengers in the vehicle, we disagree with defendant that it provides an exception to § 42–4–237(7). But even if we assume that parents have a duty under § 42–

4–236(2)(c) to assure their children use seat belts, a breach of that duty cannot as a matter of law have a causal connection to the accident. *See Fischer v. Moore*, 183 Colo. 392, 517 P.2d 458 (1973)(concluding that failure to use a protective device would be contributory negligence is contrary to the entire fault philosophy found in tort law, which dictates that a tortfeasor accepts the plaintiff as he finds him).

We also disagree that, because of the special relationship between parent and child, parents here had a duty to ask the driver to drive more carefully.

In general, no duty is imposed upon a person to take action for the protection of another. However, in some limited circumstances, such a duty has been found to exist. *See Solano v. Goff*, 985 P.2d 53 (Colo.App. 1999).

Determining whether a party owes a legal duty to prevent a third person from harming another requires a court to balance several factors: (1) the existence of a special relationship between the parties; (2) the foreseeability of harm to others; (3) the social utility of the party's conduct; (4) the magnitude of the burden of guarding against injury or harm; and (5) the practical consequences of placing a duty upon the party. *Solano v. Goff, supra.*

Here, it is foreseeable that a child passenger might be injured if an adult passenger fails to try to control the driver. And, generally, a parent has a duty to protect a child from harm. *See Smith v. Zufelt*, 856 P.2d 8 (Colo.App.1992)(a parent has the duty to prevent a third person from injuring his or her child and may be liable for failure to take steps to protect child from harm), *rev'd on other grounds*, 880 P.2d 1178 (Colo. 1994).

However, we conclude the other relevant factors—the social utility of the party's conduct, the magnitude of the burden of guarding against injury or harm, and the practical consequences of placing a duty upon the party—weigh against imposing a duty of care on a passenger to control the behavior of a driver, even in the parent–child circum-

stances presented here. Indeed, it is also foreseeable that a passenger directing the operation of the vehicle or interfering with the driver's control might negligently cause further harm. *See Lego v. Schmidt,* 805 P.2d 1119 (Colo.App.1990)(no duty to act unless person has right and capacity to control wrongdoer, and there is no longer any basis for assuming that a passenger has the capacity to assert control over or direct operation of a moving automobile); *see also Watson v. Regional Transportation Dist.,* 762 P.2d 133 (Colo.1988)(any attempt by passenger to interfere with driver at time of accident likely would have constituted negligence).

We conclude that, under the circumstances here, parents had no duty to protect their children by protesting the driver's actions or intervening in his control of the vehicle. Thus, the comparative negligence instruction also was improper on that basis.

■ However, a passenger in an automobile driven by an intoxicated person may be negligent for having entered the automobile in the first place. Thus, an instruction on comparative negligence is proper when a plaintiff is injured while a passenger in an automobile driven by someone who the plaintiff has reason to know is intoxicated. *See Alford v. Andrews,* 516 P.2d 652 (Colo.App. 1973)(not published pursuant to C.A.R. 35(f))(deceased passenger had opportunity to observe intoxicated driver before entering vehicle); *see also University of Denver v. Whitlock,* 744 P.2d 54 (Colo.1987)(distinction between action and inaction, or misfeasance and nonfeasance, in establishing duty); *Thomas v. Pete's Satire, Inc.,* 717 P.2d 509 (Colo.App.1985)(comparative negligence instruction given where claim is against tavern that served alcohol to driver).

■ Here, we agree with defendant that a comparative negligence instruction was appropriate based on the defendant's theory that parents were negligent in allowing themselves and their daughters to be passengers in a vehicle driven by someone who was alcohol-impaired. This rationale also applies to the propriety of the instruction on assumption of risk. *See Pletchas v. Von Poppenheim,* 148 Colo. 127, 365 P.2d 261 (1961)(when there was disputed evidence of level of driver's intoxication, whether injured passenger knew driver was impaired went to jury to determine comparative negligence and assumption of risk); *Gross v. B.G. Inc.,* 7 P.3d 1003 (Colo.App.1999)(jury instructed on both comparative negligence and assumption of risk), *aff'd,* 23 P.3d 691 (Colo.2001).

Moreover, although the court erroneously allowed the comparative negligence instruction on two bases, we conclude that the error was harmless. The instructions given to the jury on the seat belt issue were accurate. In addition, none of the instructions referred to failure to direct control of the vehicle, and the references at trial to this theory of comparative negligence were minimal. The jury also was properly instructed that any negligence of the parents was not imputable to the surviving daughter. And, the jury found defendant not negligent without determining the level, if any, of parents' comparative negligence.

■ Furthermore, although plaintiffs contend otherwise, an instruction on assumption of risk, as a form of negligence, may be given with a comparative negligence instruction if, as here, the facts exist to support each instruction. *See* § 13–21–111.7, C.R.S. 2002 (assumption of risk considered in apportioning negligence pursuant to comparative negligence statute); *Harris v. Ark,* 810 P.2d 226 (Colo.1991)(assumption of risk remains an affirmative defense after enactment of comparative negligence statute); *Carter v. Lovelace,* 844 P.2d 1288 (Colo.App.1992)(assumption of risk requires knowledge of danger and consent to it, whereas contributory negligence does not).

### III.

■ Plaintiffs next contend that the trial court erred in directing a verdict against mother and the surviving daughter on their claims for negligent infliction of emotional distress. However, to establish a prima facie case of negligent infliction of emotional distress, plaintiffs must first show that defendant was negligent. *See Scharrel v. Wal–Mart Stores, Inc.,* 949 P.2d 89 (Colo.App. 1997). Here, the jury indicated on a special verdict form that defendant was not negli-

gent. Because this same finding would have precluded recovery on the negligent infliction of emotional distress claims, and because we have found no error that unfairly tainted the jury's finding of no negligence, any error in directing those verdicts was harmless.

For the same reason, we need not address plaintiffs' contention that the court erred in instructing the jury regarding duplicative losses for noneconomic damages for negligence and negligent infliction of emotional distress. See *Flader Land Co. v. Denes,* 111 Colo. 227, 139 P.2d 875 (1943)(where jury returned verdict for defendant, any error in damages instruction was harmless).

### IV.

Plaintiffs contend that the costs awarded to defendant were unwarranted and excessive. We agree in part.

▆ A prevailing party may recover the reasonable and necessary costs incurred in the course of litigation. See § 13–16–105, C.R.S.2002; *Mackall v. Jalisco International, Inc.,* 28 P.3d 975 (Colo.App.2001). Whether to award costs and what amount to award are decisions within the sound discretion of the trial court, and its ruling will not be reversed on appeal absent a clear abuse of discretion. *Ballow v. PHICO Insurance Co.,* 878 P.2d 672 (Colo.1994).

### A.

▆ Plaintiffs first argue that the expert witness fees were unreasonable. We disagree.

Plaintiffs argue that the psychiatrist's testimony was unnecessary, and therefore his costs should not have been awarded. However, the psychiatrist testified regarding the psychological distress suffered by plaintiffs, an issue arising from plaintiffs' claims for pain and suffering damages and for negligent infliction of emotional distress.

▆ Moreover, plaintiffs argue that this expert engaged in unnecessary activities, did not carry out his investigation efficiently, and overcharged his hourly rate. However, the trial court significantly reduced the psychiatrist's charges, and plaintiffs' argument that the trial court "did not go far enough" in reducing the bill is unpersuasive. The trial court has significant discretion in determining the reasonableness of an expert's costs, and we find no abuse of discretion in the court's determination that the expert's fees, as reduced, were reasonable.

▆ Similarly, we disagree with plaintiffs that the toxicologist's costs were unreasonable. The court apparently intended to reduce her travel costs, but otherwise found the costs reasonable, and it denied the toxicologist's supplemental bill. We perceive no abuse of discretion.

Plaintiffs also argue that the toxicologist's costs should not have been awarded because the issue for which she was retained, the alcohol level and impairment of the driver, was not in dispute. Again, we disagree.

▆ The toxicologist did not testify because the trial court entered a directed verdict regarding the driver's impairment and liability. However, a trial court's discretion to award costs is not restricted to witnesses who testify at trial. Rather, the trial court has broad discretion to determine the costs reasonably necessary for trial preparation. See *Bainbridge, Inc. v. Douglas County Bd. of Comm'rs,* 55 P.3d 271 (Colo.App.2002)(trial court may award costs, if reasonable, to prevailing party for expert witness who does not testify); *see also Mackall v. Jalisco Int'l Inc., supra* (rejecting argument that costs awarded to prevailing party on claims dismissed by directed verdict were in error). Similarly, we disagree with plaintiffs that the court abused its discretion in awarding costs for other witnesses who did not testify at trial or for documents acquired for the toxicologist's use.

Plaintiffs argue that the fees for the accident reconstruction expert should not have been awarded because he reviewed the accident site after the road had been modified. However, we have rejected plaintiffs' argument that the accident reconstruction expert's testimony was irrelevant, and we likewise conclude the court did not abuse its discretion in awarding his costs.

 

## B.

Plaintiffs also argue that the court erred in awarding costs for deposition transcripts. We disagree.

Costs for a deposition are allowed when the taking of the deposition and its general content were reasonably necessary for the development of the case in light of facts known to counsel at the time the deposition was taken. *Cherry Creek School District No. 5 v. Voelker*, 859 P.2d 805 (Colo. 1993).

We agree with defendant that he demonstrated to the trial court the necessity of each deposition transcript. As a result, we perceive no abuse of discretion.

## C.

We agree with plaintiffs, however, that the court erred in computing the toxicologist's fees, which resulted in an award greater than that requested by defendant.

Defendant stated in his bill of costs that the toxicologist's fees of $10,369.36 included $4,799.40 for travel expenses incurred in June. The court found the travel charge to be excessive, but that driving had been necessary. The court also disallowed travel expenses incurred in August. However, the court then proceeded to award an additional $1,000 for travel expenses to the total costs of $10,369.36, which the court erroneously recorded as $10,396.36.

Because it is unclear exactly which travel expenses the trial court intended to exclude, we remand to the trial court to recalculate those costs and enter an amended costs award.

Judgment affirmed and case remanded to the trial court for amendment of the costs award.

Judge ROY and Judge WEBB concur.