25CA0055 Miolen v Hathcock 01-29-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0055
Larimer County District Court No. 20CV30635
Honorable C. Michelle Brinegar, Judge

---

Michael Miolen,

Plaintiff-Appellant,

v.

Alan Hathcock, M.D., and Poudre Valley Health Care, Inc. d/b/a UCHealth
Harmony Emergency Center,

Defendants-Appellees.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 29, 2026

---

Leventhal Puga Braley P.C., Jim Leventhal, Julia T. Thompson, Nathaniel E.
Deakins, Robert S. Peck, Denver, Colorado, for Plaintiff-Appellant

Hershey Decker Drake PLLC, C. Todd Drake, Lone Tree, Colorado, for
Defendants-Appellees

Faraci Leasure, LLC, Paul A. Faraci, Glendale, Colorado, for Defendant-
Appellee Alan Hathcock, M.D.

Jackson Kelly PLLC, Gilbert Dickinson, Denver, Colorado, for Defendant-
Appellee Poudre Valley Health Care, Inc. d/b/a UCHealth Harmony Emergency
Center

¶ 1    Plaintiff, Michael Miolen, appeals the trial court's order awarding costs and fees to defendants, Alan Hathcock, M.D., and Poudre Valley Health Care, Inc. d/b/a UCHealth Harmony Emergency Center (Harmony) (collectively, the defendants).  Miolen argues that by using a flat percentage to calculate reductions, the trial court failed to show its work and awarded unreasonable and unnecessary costs.  For the following reasons, we affirm.

## I.    Background

¶ 2    In September 2018, Miolen presented to Harmony with chest pain.  He was treated for an artery occlusion, returned home after a brief hospital stay, and later filed suit alleging that the defendants did not timely diagnose his medical condition.  The case proceeded to trial, and the jury returned a verdict in favor of the defendants.[1]

¶ 3    Following the favorable verdict, the defendants filed respective bills of costs and motions for entry of judgment, accompanied by documents supporting their calculations.  Hathcock sought $153,889 in costs and Harmony sought $62,298.39.  Miolen challenged the witness, transcript, and trial technology costs.

---

[1] Miolen also named Dr. Derek Stadie as a defendant but settled his claims against Stadie before trial.

¶ 4     In response, the trial court held a hearing on the defendants' bills of costs.  The court concluded that "the costs requested in the [d]efendants' [b]ills of [c]osts are reasonable, have supporting documentation, and were necessary to prepare for trial with a few exceptions."  However, noting that not all expert fees were necessarily incurred and the rates were unreasonably high, the court reduced the expert fees by ten percent.  The court further found that the technology fees were necessary but unreasonably high and reduced these by fifty percent.  The court also disallowed costs for transcript rough drafts and meals during the trial.  With these deductions, the court awarded $133,101.33 to Hathcock and $53,271.33 to Harmony.

¶ 5     In a separate but related matter, *Miolen v. Hathcock*, (Colo. App. No. 24CA1491, Jan. 29, 2026) (not published pursuant to C.A.R. 35(e)), Miolen appealed the underlying judgment for the defendants.  In this appeal, Miolen challenges the trial court's order awarding the defendants reduced costs and fees.  Miolen first argues that we should vacate the award if this court reverses the judgment in the related appeal.  Because we affirm the judgment in *Miolen*, Case No. 24CA1491, we need not address this contention.

*See Veolia Water Techs., Inc. v. Antero Treatment LLC*, 2024 COA 126, ¶ 157 (declining to address the appellant's request to reverse the award of attorney fees and costs after affirming the underlying judgment) (*cert. granted in part* Sep. 2, 2025).

¶ 6 Miolen alternatively asks us to strike and remand the cost awards because the trial court calculated reductions using a flat percentage, and in doing so "failed to discharge its obligation" to explain which costs it found appropriate. The final awards, according to Miolen, remain unreasonable and unnecessary because of this. We are not persuaded.

## II. Standard of Review

¶ 7 The trial court has broad discretion to award costs, and the court's findings as to the reasonableness of such costs will not be disturbed absent an abuse of discretion. *Danko v. Conyers*, 2018 COA 14, ¶ 68. "A trial court abuses its discretion when it acts in a manifestly arbitrary, unfair, or unreasonable manner." *Id.*

## III. Applicable Law and Analysis

¶ 8 A defendant who prevails at trial "shall have judgment to recover his costs." § 13-16-105, C.R.S. 2025. The prevailing party is entitled to recover costs reasonably and necessarily incurred

during litigation, and the trial court's award must be based upon evidence sufficient to support such costs. *Wark v. McClellan*, 68 P.3d 574, 582 (Colo. App. 2003). If the court determines that a reduction is warranted, it has considerable discretion in calculating a reasonable award; there is no precise rule, and reducing by a flat percentage may be appropriate. *See Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 387-88 (Colo. 1994) (recognizing that it is unrealistic to expect a trial judge to evaluate and rule on every entry in a voluminous fee application and percentage cuts are a practical means of "trimming fat").

¶ 9    We first reject Miolen's contention that by using a flat percentage, the trial court failed to discharge its duty to identify which costs were and were not reasonable. Holding otherwise would deprive the trial court of the wide latitude it enjoys in calculating fee awards. *Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1187 (Colo. App. 2011) ("Absent a prohibition in a statute or rule, the district court has considerable discretion in determining whether to award costs and what amount to award."). Moreover, the trial court would not have ordered reductions absent a finding of unreasonableness in the first instance. Thus, the

finding was a prerequisite to the order. Miolen's position — that the trial court should have itemized the reductions after already deeming certain costs unreasonable — finds no support in case law.[2]

¶ 10　　Instead, the record before us is clear. The trial court reviewed the documentation submitted in support of the requested costs, carefully parsed Miolen's objections, and agreed with some and rejected others. The court then issued an order detailing the costs it found unreasonable or unnecessary. The court acted well within its discretion in making these findings and applying a flat percentage to arrive at the reduced award. *See Danko,* ¶ 68; *see also Novell v. Am. Guar. & Liab. Ins. Co.,* 15 P.3d 775, 780 (Colo. App. 1999) (by deeming certain costs "reasonably necessary for the development of [the] plaintiff's case," the trial court revealed the

---

[2] Miolen relies on *Payan v. Nash Finch Co.,* 2012 COA 135M, ¶¶ 22-23, where a division of this court determined that the trial court should have applied its "percentage reductions" to the "total hours billed" by attorneys rather than to the lodestar amount. But Miolen acknowledges that *Payan* involved a trial court's calculation of attorney fees, not costs. And the process for calculating attorney fees is subject to its own rules that do not apply equally to costs. *See id.* at ¶ 18 (describing lodestar calculation method for attorney fees).

basis for the award and did not abuse its discretion). To the extent that Miolen asks us to engage in a de novo assessment of certain reductions and substitute our judgment for that of the trial court, we decline to do so. *See Nguyen v. Reg'l Transp. Dist.*, 987 P.2d 933, 936 (Colo. App. 1999) (stating that trial courts are in a "far better position to determine whether the challenged costs were reasonable and necessary").

## IV. Disposition

¶ 11 For the reasons stated, we affirm the trial court's order.

JUDGE KUHN and JUDGE SULLIVAN concur.