**HOFF & LEIGH, INC.,**
**Plaintiff–Appellee,**

v.

**Rudy BYLER, Defendant–Appellant.**

**No. 01CA2005.**

Colorado Court of Appeals,
Div. IV.

Nov. 21, 2002.

Beatty & Ross, LLP, L. Douglas Beatty, Colorado Springs, Colorado, for Plaintiff–Appellee.

Mulliken, Gleason, Weiner, Whitney & Jolivet, P.C., Murray I. Weiner, Carla L. Baker, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

In this action by a real estate broker to recover its commission, defendant, Rudy Byler, appeals the judgment entered in favor of plaintiff, Hoff & Leigh, Inc. We affirm.

Defendant agreed to pay plaintiff, a real estate brokerage firm, a commission if plaintiff "procured a purchaser for [defendant's] property ... which results in the sale of the property." The parties later agreed that plaintiff would act as a transaction-broker in connection with the sale.

Plaintiff procured a buyer for the property. After some delays, the sale closed. When defendant did not pay plaintiff its commission, plaintiff sued. At the conclusion of a bench trial, the court found that plaintiff had satisfied the only two requirements for receiving its commission, namely, procurement of a purchaser and resulting sale of the property. The court rejected defendant's argument that alleged insufficiencies in plaintiff's performance warranted forfeiture of the commission and entered judgment for the amount claimed.

## I.

Defendant contends that, because plaintiff did not perform the duties imposed by statute on transaction-brokers, the trial court erred in not requiring it to forfeit its commission. We disagree.

In 1993, the General Assembly enacted "An Act Concerning Brokerage Relationships in Real Estate Transactions," codified at § 12–61–801, et seq., C.R.S.2002. The Act clarified the relationships between real estate professionals and the public. In a significant departure from the traditional common law view of agency relationships in real estate transactions, the Act recognized a non-agent real estate professional, the transaction-broker. *See Sussman v. Stoner,* 143 F.Supp.2d 1232 (D.Colo.2001); G. Lane Earnest & J. Marcus Painter, *The New Brokerage Legislation: The Demise of "Agency by Surprise,"* 22 Colo. Law.1919 (Sept.1993).

A transaction-broker is "a broker who assists one or more parties throughout a contemplated real estate transaction with communication, interposition, advisement, negotiation, contract terms, and the closing of [the] transaction without being an agent or advocate for the interests of any party to such transaction." Section 12–61–802(6), C.R.S.2002; *see also* § 12–61–807(1), C.R.S. 2002 ("A broker engaged as a transaction-broker is not an agent for either party."). Although a broker may still act as an agent for a buyer or a seller, it is presumed that a broker is acting as a non-agent transaction-broker absent a written agency agreement or a subagency relationship. Section 12–61–803(2), C.R.S.2002.

■ While a real estate broker acting as an agent owes fiduciary duties to his or her principal, *see Moore & Co. v. T–A–L–L, Inc.,* 792 P.2d 794 (Colo.1990), a transaction-broker is not in a fiduciary relationship with either party to a real estate transaction. *See* § 12–61–802(6); *Sussman v. Stoner, supra.*

However, a transaction-broker has certain statutory obligations and responsibilities. He or she must "perform the terms of any written or oral agreement made with any party to the transaction" and must "exercise reasonable skill and care as a transaction-broker" in performing certain enumerated duties. Section 12–61–807(2), C.R.S.2002. These duties include: presenting offers and counteroffers in a timely manner; advising

the parties and keeping them informed; accounting for money and property received; assisting the parties in complying with contractual terms and conditions; and disclosing certain information. Section 12–61–807(2)(b), C.R.S.2002. The transaction-broker is prohibited from disclosing certain other information, such as the price a party will pay or accept, without the consent of all parties, and is not under any duty to conduct independent inspections of the property or of the buyer's financial condition. *See* § 12–61–807(3)–(5), C.R.S.2002.

Although the statute enumerates the obligations and responsibilities of a transaction-broker, it does not prescribe any remedy for nonperformance of these obligations.

■ Defendant asserted at trial, as he does on appeal, that plaintiff's broker-associate did not satisfactorily perform certain of his statutory duties, such as assisting the parties in complying with the terms of their purchase contract and facilitating the closing. Instead, according to defendant, the broker "did nothing beyond procuring a buyer and waiting for his commission to be paid." While the trial court did not expressly find that the broker had failed to perform his statutory obligations, it noted that, by his own admission, he had simply transmitted communications back and forth and had not displayed any initiative in resolving difficulties that arose before the transaction was completed.

Contrary to defendant's contention, even if we interpret the trial court's ruling as a determination that plaintiff's broker-associate failed to perform certain statutory duties, forfeiture of the commission was not a remedy for such nonperformance.

Defendant relies on *Moore & Co. v. T–A–L–L, Inc., supra,* in support of his contention. His reliance is misplaced. In *Moore,* the supreme court held that a real estate broker who breached his fiduciary duty to the seller by withholding material information and disclosing confidential information to another purchaser was not entitled to retain the commission paid to him. In so holding, the court relied on the agency law principle that "an agent is entitled to no compensation for conduct . . . which is a breach of his duty

of loyalty." *Moore, supra,* 792 P.2d at 800 (quoting Restatement (Second) of Agency § 469).

The principle requiring forfeiture of the commission in *Moore* has no applicability here. As noted, a transaction-broker is not an agent of either party to the real estate transaction and thus does not owe fiduciary duties to either party. Further, there is no language in the statute suggesting that a transaction-broker who performs the terms of its agreement may nevertheless be required to forfeit its commission.

## II.

Defendant next contends that the trial court erred in failing to offset against the judgment the damages he sustained as a result of plaintiff's asserted nonperformance of its statutory duties. Again, we disagree.

■ Damages need not be proved with mathematical certainty. However, a party seeking damages must prove the fact of damage and provide evidence sufficient to allow a reasonable estimate of the loss sustained. *See Margenau v. Bowlin,* 12 P.3d 1214 (Colo. App.2000)(tort damages); *Interbank Investments, L.L.C. v. Vail Valley Consolidated Water District,* 12 P.3d 1224 (Colo.App.2000)(contract damages).

■ In its bench ruling, the trial court observed that defendant would have had a remedy for any out-of-pocket expenses he incurred as a result of plaintiff's inaction, but found that defendant asserted no such claim and that "nothing was submitted to the Court about actual out-of-pocket expense caused by lack of effort on the part of the broker."

These findings are supported by the record. Although defendant argues on appeal that he sufficiently raised a damages claim in his answer to the complaint, his counsel expressly advised the court during closing arguments that defendant was not asserting a counterclaim for damages. Further, although defendant presented testimony that he had had to incur attorney fees as a result of plaintiff's inaction, he offered no evidence of the amount of such fees or of the amount

of any other monetary damages caused by plaintiff's alleged nonperformance of its statutory obligations.

Thus, even if we assume that plaintiff breached a duty imposed by statute and that such breach could give rise to a claim for damages or an offset, the trial court did not err in declining to award such damages here.

The judgment is affirmed.

Judge DAVIDSON and Judge DAILEY concur.