**John R. STEARNS, an individual, and Walnut Realty, Inc., a Colorado corporation, Plaintiffs,**

v.

**Michael T. MCGUIRE, an individual, Defendant.**

**No. CIV.02–RB–1912–OES.**

United States District Court, D. Colorado.

July 26, 2004.

---

Kenneth L. Levinson, Balaban & Levinson, Denver, CO, Richard Francis Schaden, Daniel Alan Nelson, Schaden, Katzman, Lampert & McClune, Broomfield, CO, for Plaintiffs.

James R. Ghiselli, Ghiselli Law Offices, PC, James R. Ghiselli, Ghiselli Law Offices, PC, Boulder, CO, Richard Francis Schaden, Schaden, Katzman, Lampert & McClune, Broomfield, CO, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (SINGLE ISSUE OF LAW)

BLACKBURN, District Judge.

This matter is before me for ruling on the plaintiffs' **Motion for Partial Summary Judgment (Single Issue of Law)** [# 45] filed September 12, 2003.[1] I have jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). I grant the motion.

### I. JURISDICTION

I have jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Under FED. R. CIV. P. 56(c), summary judgment is proper only if the evidence, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. *Farthing v. City of Shawnee, Kan.* 39 F.3d 1131, 1134 (10th Cir.1994). A "material" fact is one "that might affect the outcome of the suit under the governing law," *Id.* at 1135 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Id.*).

I have carefully reviewed the record in this case, including the pleadings, discovery, and affidavits on file, I have carefully considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers. I have employed the analysis required by apposite law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th

---

1. The issues raised by and inherent to the motion for partial summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* FED R. CIV. P. 56(c) and (d).

Cir.1990); *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir.1991); and *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994).

## III. ANALYSIS

Effective January 1, 1994, the Colorado General Assembly enacted "An Act Concerning Brokerage Relationships in Real Estate Transactions." *See* Colo. Sess. Laws 1993, ch. 218 at 979 (codified as part 8 of article 61 of title 12, C.R.S.). The legislative declaration contained in the 1994 Act states: (1) The general assembly finds, determines, and declares that the public will best be served through a better understanding of the public's legal and working relationships with real estate brokers and by being able to engage any such real estate broker on terms and under conditions that the public and the real estate broker find acceptable. This includes engaging a broker as a single agent, subagent, dual agent, or transaction-broker. Further, the public should be advised of the general duties, obligations, and responsibilities of a real estate broker in any particular real estate transaction. (2) This part 8 is enacted to govern the relationships between real estate brokers and sellers, landlords, buyers, and tenants in real estate transactions.

§ 12–61–801, C.R.S..

With this statute Colorado was the first state to create a non-agent real estate broker. *See* Patricia A. Wilson, *Nonagent Brokerage: Real Estate Agents Missing in Action*, 52 OKLA. L. REV. 85, 90 (1999). Although the statute still allows a broker to act as an agent for a buyer or seller, "[u]nless a different relationship is established by the parties in writing . . . it is

presumed that a broker is acting as a nonagent 'transaction broker.' " Katherine A. Pancak, Thomas J. Miceli & C.F. Sirmans, *Real Estate Agency Reform: Meeting the Needs of Buyers, Sellers, and Brokers*, 25 REAL ESTATE L.J. 345, 355 (1997). A transaction-broker is not an agent for either party, *see* § 12–61–807(1), C.R.S., but rather "assists one or more parties throughout a contemplated real estate transaction with communication, interposition, advisement, negotiation, contract terms, and the closing of such real estate transaction without being an agent or advocate for the interests of any party to such transaction." § 12–61–802(6), C.R.S.

█ The critical issue raised by the plaintiffs' motion for partial summary judgment focuses on the legal relationship between the parties. The plaintiffs argue that they were at all times a transaction-broker as defined by § 12–61–801(6), C.R.S., because there is no written agreement as required by § 12–61–803(2),C.R.S., between the plaintiffs and the defendant establishing a single agency relationship. Contrastingly, the defendant contends 1) that the plaintiffs acted as seller's agent as defined by § 12–61–801(4)(c), C.R.S.,[2] or 2) that in the alternative the plaintiffs are estopped from using their status as a transaction-broker as a shield to liability for breach of fiduciary duty.[3]

Under the act "A broker shall be considered a transaction-broker unless a single agency relationship is established through a written agreement between the broker and the party or parties to be represented by such broker." § 12–61–803(2), C.R.S. If the plaintiffs are a transaction-broker,

**2.** A seller's agent is one type of "Single agent" defined by § 12–61–801(4), C.R.S.

**3.** However, any issue about whether the plaintiffs were a transaction-broker versus a

"Dual agent" under § 12–61–801(2), C.R.S., does not implicate a genuine issue or a material fact since the defendant does not claim to have viewed the plaintiffs as a dual agent. *See* Response p 0.

they are not an agent for either the seller or the buyer, § 12–61–807(1), C.R.S., and thus, plaintiffs owe no fiduciary duty to the defendant.[4]

The defendant asserts that the real estate contract on which the plaintiffs have sued satisfies the requirements of § 12–61–803(2), C.R.S., as a written agreement establishing a single agency relationship.[5] Specifically, the defendant relies on the following language:

**BROKER ACKNOWLEDGEMENTS** ....*Selling Company Brokerage Relationship.* The Selling Company and its licensees have been engaged in this transaction as Seller Agent/Subagent.

*Brokers' Compensation Disclosure.* Selling Company's compensation is to be paid by Seller.[6]

I disagree. This language appears following the parties' signatures and the words "End of Contract," and is not signed, initialed, or expressly acknowledged or accepted in any way by the defendant. I conclude that this unilateral disclosure—given its form and location

outside the body of the real estate contract—is not sufficient under § 12–61–803(2), C.R.S., to constitute a written agreement between the plaintiffs and the defendant establishing a single agency relationship.[7]

The defendant argues next that "Any attempt by plaintiffs to assert that the contract does not include an agreement between plaintiffs and defendant is totally at odds with their commission claim in this case, which *expressly* relies on the contract and commission percentages contained therein."(Emphasis in original).[8] However, under the act, payment of commission may not be construed to establish an agency relationship.[9]

The defendant then argues in the alternative that even if the plaintiffs enjoy transaction-broker status under §§ 12–61–801(6) and 803(2), C.R.S., they are estopped from asserting the statute or such status to their advantage.[10] I disagree. The *sine qua non* for estoppel requires, *inter alia*, reasonable and detrimental reliance on a material representation. Here,

---

4. *See Hoff & Leigh, Inc. v. Byler*, 62 P.3d 1077, 1078 –1079 (Colo.App.2002)(While a real estate broker acting as an agent owes fiduciary duties to his or her principal, *see Moore & Co. v. T–A–L–L, Inc.*, 792 P.2d 794 (Colo.1990), a transaction-broker is not in a fiduciary relationship with either party to a real estate transaction).

5. Response p 14.

6. *Id.* at Exhibit I.

7. In response to an argument advanced in the introductory section of defendant's response. *See Id.* at 6, I find and conclude that the perceptions and impressions of the buyer's representatives are also not probative of whether the plaintiffs were a transaction-broker under §§ 12–61–801(6) and 803(2), C.R.S., a *fortiori*, where the defendant presents no evidence that he knew of or relied upon the buyer's impressions. In response to another argument advanced in the introductory section of defendant's response, *See* Re-

sponse p 10, that the plaintiffs violated a duty to disclose imposed by § 12–61–808, C.R.S., I find and conclude that although the statute enumerates the disclosures required of a transaction-broker, it does not prescribe any remedy for nonperformance of these obligations. *Cf. Hoff & Leigh, Inc. v. Byler*, 62 P.3d 1077, 1078 –1079 (Colo.App.2002)(Although § 12–61–807, C.R.S., enumerates the obligations and responsibilities of a transaction-broker, it does not prescribe any remedy for nonperformance of these obligations.)

8. Response p 15.

9. § 12–51–810(2), C.R.S., provides "Payment of compensation shall not be construed to establish an agency relationship between the broker and the party who paid such compensation."

10. *See* Response p 15. *See also* defendant's Ninth Affirmative Defense.

the existence of §§ 12–61–801(6) and 803(2), C.R.S., which require a written agreement, precludes reasonable reliance by the defendant on plaintiffs' unilateral disclosures—which were not acknowledged, accepted, or ratified by defendant in any way—as "Seller's agent." [11]

## IV. CONCLUSION

The pleadings, discovery, and affidavits on file and of record demonstrate that no genuine issue as to any material fact exists concerning the relationship between the parties, and that plaintiffs, as the moving parties, are entitled to judgment as a matter of law pursuant to FED. R. CIV. P. 56(c), on defendant's Fifteenth Affirmative Defense and defendant's First Claim [counterclaim] For Relief (Breach of Fiduciary Duty). I also approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by plaintiffs in their motion [# 45] and reply [# 53].

## V. ORDERS

THEREFORE, IT IS ORDERED as follows:

1. That the plaintiffs' **Motion for Partial Summary Judgment (Single Issue of Law)** [# 45] filed September 12, 2003, **IS GRANTED;**

2. That accordingly, the defendant's Ninth Affirmative Defense (as to estoppel vis-à-vis fiduciary duty), the defendant's Fifteenth Affirmative Defense, and the defendant's First Claim [counterclaim] For Relief (Breach of Fiduciary Duty) **ARE DISMISSED** with prejudice; and

3. That as a matter of law the plaintiffs acted as a "Transaction-broker" as that

term of art is defined by § 12–61–801(6), C.R.S.

---

11. This is a *fortiori* for the defendant who is an attorney.