**N.K. SHARMA, Plaintiff–Appellee,**

v.

**Michele A. VIGIL and Russell E. Vigil, Defendants–Appellants.**

**No. 97CA1706.**

Colorado Court of Appeals, Div. V.

Sept. 3, 1998.

Rehearing Denied Oct. 1, 1998.

No Appearance for Plaintiff–Appellee.

Michele A. Vigil, Pro Se.

Russell E. Vigil, Pro Se.

Opinion by Judge STERNBERG.*

Defendants, Russell E. and Michele A. Vigil, appearing pro se, appeal from the trial court's order denying their C.R.C.P. 60(b)(2) motion for relief from a final judgment previously entered against them in favor of plaintiff, N.K. Sharma. We affirm.

Following a trial to the court, a final judgment on the underlying claims was entered on September 23, 1996. Defendants thereafter filed a C.R.C.P. 60(b)(2) motion and supporting affidavits on March 24, 1997, seeking a new trial based on allegations that the adverse judgment had been procured by the fraud and misconduct of plaintiff. These claims were based on defendants' allegations that, prior to trial, plaintiff had improperly pressured a key witness into changing his position from one of support for defendants to support for plaintiff.

Over defendants' objections, the trial court sua sponte ordered that an evidentiary hearing be held on the C.R.C.P. 60(b)(2) issues. The trial court further ordered, among other things, that defendants compel the appearance of the witness in question at the hearing.

The evidence presented at the hearing was conflicting as to the merits of defendants' C.R.C.P. 60(b)(2) fraud and misconduct allegations. However, the allegedly influenced witness specifically denied that he had been pressured or threatened by plaintiff into changing his position. To the contrary, he testified that he had signed the second affidavit to tell "the truth" about the underlying transaction and that he had signed the first affidavit because of pressure from defendant Russell Vigil.

Following the hearing, the trial court denied the C.R.C.P. 60(b)(2) motion. The trial court first ruled that, although the motion had been filed on the last day of the maximum permissible six-month time period, it nevertheless had not been filed within the "reasonable time" requirements of C.R.C.P. 60(b).

Notwithstanding its determination that the motion was untimely, the trial court also addressed defendants' fraud and misconduct claims on the merits. Based on its evaluation of the credibility of the witnesses and the totality of the evidence presented, the trial court ruled that there was "no credible proof" that plaintiff used threats or economic coercion to force the witness into signing a false affidavit. Specifically, the court found the witness' testimony on these issues to be credible. Consequently, it concluded that defendants had failed to meet their burden of establishing by clear and convincing proof any fraud or misconduct by plaintiff justifying relief from the judgment pursuant to C.R.C.P. 60(b)(2). This appeal followed.

I.

We first reject defendants' contentions that the trial court erred in holding an evidentiary hearing on their C.R.C.P. 60(b)(2) motion, and that the trial court was required to accept the factual allegations of their motion and supporting affidavits as true in determining such issues.

There is no requirement that a trial court must hold an evidentiary hearing before ruling on a C.R.C.P. 60(b) motion. *Front Range Partners v. Hyland Hills Metropolitan Park & Recreation District*, 706 P.2d 1279 (Colo.1985). However, there is also nothing in the rule that prevents a trial court, in its discretion, from ordering an evidentiary hearing on such a motion whenever such a hearing would assist it in reaching a just determination of the issues raised in the motion.

Here, although plaintiff did not file any counter-affidavits with his response opposing the C.R.C.P. 60(b)(2) motion, we perceive no abuse of discretion in the trial court's actions in ordering an evidentiary hearing on these issues prior to its determination of the motion. Rather, we conclude that the trial court properly exercised its discretionary authority to defer its ruling on the motion until an evidentiary hearing had

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1997.

been held concerning such fraud and misconduct issues, at which the witness at the heart of such allegations appeared and testified.

Cases such as *Williams v. Hankins,* 82 Colo. 251, 258 P. 1114 (1927), relied on by defendants, do not lead to a contrary result because they do not reach the issue whether a court may allow additional testimony in ruling on a post-judgment motion. The cases cited by defendants stand for the well-settled proposition that, if allegations supporting a petition to reopen are not rebutted, the court must take them as true. However, defendants' cases do not hold that a court errs in allowing rebuttal testimony. We note further that C.R.C.P. 60(b) conditions a grant of relief from a judgment "upon such terms as are just," and that C.R.C.P. 121 § 1–15(4) provides authority for a trial court to order an evidentiary hearing on a motion "at its discretion."

■ Contrary to defendants' argument, we perceive no error in the motion based on its evaluation of all of the evidence presented at the hearing, rather than merely on the factual allegations stated by defendants. *See Canton Oil Corp. v. District Court,* 731 P.2d 687 (Colo.1987) (upholding trial court's order granting C.R.C.P. 60(b)(5) motion for relief from judgment based on factual findings made from evidentiary hearing held on merits of motion).

**II.**

As to the merits of their fraud and misconduct claims, defendants urge that they have satisfied the C.R.C.P. 60(b)(2) standards for a new trial. We do not agree.

■ Defendants had the burden of establishing the grounds for relief under C.R.C.P. 60(b) by clear, strong, and satisfactory proof. The determination of such a motion is committed to the sound discretion of the trial court, and its decision may not be disturbed on appellate review absent a clear abuse of that discretion. *See Dunton v. Whitewater West Recreation, Ltd.,* 942 P.2d 1348 (Colo. App.1997); *Guevara v. Foxhoven,* 928 P.2d 793 (Colo.App.1996).

Applying the foregoing standards, we conclude that the trial court did not err in its disposition of the substantive claims. It evaluated the credibility of the witnesses and the totality of the evidence presented at the hearing, and rejected the factual basis for defendants' fraud and misconduct claims. Accordingly, we perceive no abuse of discretion in the trial court's denial of defendants' C.R.C.P. 60(b)(2) motion under these circumstances. *See Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust,* 854 P.2d 167 (Colo.1993); *Luna v. Fisher,* 690 P.2d 264 (Colo.App.1984).

**III.**

We find it unnecessary to address defendants' arguments as to the timeliness of their C.R.C.P. 60(b)(2) motion, in light of our disposition of the issues. And, upon consideration of defendants' remaining contentions of error, we find them to be without merit or not properly before this court.

The order is affirmed.

ROTHENBERG and VOGT, JJ., concur.