Steven L. MORRIS, Plaintiff–Appellee and Cross–Appellant,

v.

ASKELAND ENTERPRISES, INC., a Colorado corporation, and John Askeland, individually, Defendants–Appellants and Cross–Appellees.

No. 99CA2491.

Colorado Court of Appeals, Div. A.

Dec. 7, 2000.

Hanes & Schutz, P.C., Richard W. Hanes, Timothy J. Schutz, Colorado Springs, CO, for Plaintiff–Appellee and Cross–Appellant.

Fonfara Law Offices, Joseph P. Fonfara, Fort Collins, CO, for Defendants–Appellants and Cross–Appellees.

Opinion by Chief Judge HUME.

Defendants, Askeland Enterprises, Inc. (AEI), and John Askeland, appeal the judgment of the trial court in favor of plaintiff, Steven L. Morris, for $47,950. Plaintiff cross-appeals and requests punitive damages and attorney fees. We affirm.

AEI is a Colorado corporation that repairs airplane engines. Askeland is the sole officer, shareholder, and director of AEI. Plaintiff, a hunting guide in Alaska, bought a rebuilt airplane engine from AEI, which turned out to be defective. Plaintiff filed suit against AEI in Alaska, and the jury returned a verdict in his favor in 1997.

In 1998, plaintiff filed his Alaskan judgment in Colorado and unsuccessfully attempted to collect his award. Soon after, plaintiff brought the present suit, alleging fraudulent transfers pursuant to Colorado's Uniform Fraudulent Transfers Act, § 38-8-101, et seq., C.R.S.2000 (CUFTA). The court concluded that AEI had fraudulently transferred $47,950 to Askeland, and awarded plaintiff that amount. The court also held, as a matter of law, that plaintiff could not recover either punitive damages or attorney fees under CUFTA.

This appeal and cross-appeal followed.

## I.

Askeland first contends that there was insufficient evidence to support the trial court's finding that AEI transferred to him the sum of $47,950. We disagree.

A trial court's factual findings will not be disturbed on appeal unless they are whol-

ly without record support. *People v. Kyler*, 991 P.2d 810 (Colo.1999).

■ Here, Askeland gave deposition testimony under oath to the effect that he made two loans equaling $61,590 to AEI between December 1996 and August 1997. He also admitted that payments were made on both notes and that $13,640 was the remaining balance, thus leaving the sum of $47,950 as the amount that had been paid to him.

Askeland asserts that the trial court erred in relying on these admissions because he later stated at trial that his earlier testimony was a mistake. We perceive no error.

■ Askeland's prior deposition testimony was properly received as substantive evidence. *See* C.R.C.P. 32(a)(2) (deposition of party may be used for any purpose by adverse party); *see also Scruggs v. Otteman*, 640 P.2d 259 (Colo.App.1981). Moreover, it is the trial court's province to resolve disputed issues of fact, weigh the evidence, and determine witness credibility. *People v. Herrera*, 935 P.2d 956 (Colo.1997). Thus, we perceive no reversible error in the trial court's crediting Askeland's own prior testimony.

## II.

■ Relying upon the court's finding that AEI was operated, as many small businesses are, so that "money would go in and out of the corporation in accordance with the needs of the family and the business," defendants next argue that the money transfers from AEI to Askeland were made in the ordinary course of business and, thus, as a matter of law, are not voidable under § 38–8–109, C.R.S.2000. Again, we disagree.

Section 38–8–106(2), C.R.S.2000, provides: A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

Here, AEI's accountant testified that AEI was insolvent during the time the company transferred $47,950 to Askeland. The court

also found that AEI paid other creditors during this period and sold personal property at a price much lower than the purchase price.

Accordingly, under these circumstances, we conclude that the trial court did not err in setting aside the preferential transfers from AEI to Askeland, who was admittedly and unmistakably a corporate insider in AEI.

## III.

In his cross-appeal, plaintiff asserts that the trial court erred in finding that punitive damages and attorney fees are not available under CUFTA. We perceive no error.

## A.

■ Plaintiff acknowledges that in *Miller v. Kaiser*, 164 Colo. 206, 433 P.2d 772 (1967), the court held that punitive damages are unavailable on a fraudulent conveyance claim. The *Miller* court held that such a claim is purely equitable, and punitive damages are unavailable in equitable actions.

Plaintiff argues that the court's reasoning in *Miller* was based upon a previous statute, which differs from CUFTA in that the prior statute allowed only for the voiding of a fraudulent transfer and not the recovery of monetary damages against the transferee. Plaintiff further argues that CUFTA "expressly allows for the entry of a money judgment against the transferee," and he contends that the relief it provides is no longer solely equitable, thereby avoiding the prohibition against punitive damage awards. We are not persuaded.

In *Miller*, the court held that while the prior statute only expressly allowed the voiding of conveyances, a court of equity has the inherent power to enter a money judgment in order to fulfill its remedy. In fact, the court affirmed a personal judgment of $4,525 against the transferee in that case. Yet, despite its equitable monetary award, the court denied plaintiff's claim for punitive damages, concluding that, in an equitable action involving an alleged fraudulent conveyance, the trial court did not have the

inherent power to award exemplary damages.

Under § 38–8–109(2), C.R.S.2000, a creditor may "recover judgment for the value of the asset transferred ... or the amount necessary to satisfy the creditor's claim, whichever is less." Because a court acting in equity always retains the power to enter a monetary award to implement its decree, we perceive no real difference between the statutes, particularly if, as here, the disputed conveyance is one of money.

Consequently, we conclude that the *Miller* holding retains its vitality as to the available remedy and that punitive damages remain unavailable under CUFTA.

### B.

Plaintiff also contends that attorney fees are an appropriate element of damages under CUFTA. We disagree.

Colorado follows the American rule which holds that attorney fees are not available to a prevailing party absent statutory authority, an express contractual provision, or a court rule. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); *Bernhard v. Farmers Insurance Exchange*, 915 P.2d 1285 (Colo. 1996).

Relying upon *Feit v. Donahue*, 826 P.2d 407 (Colo.App.1992), plaintiff claims an exception for attorney fees incurred as a consequence of a party's wrongful conduct. The exception in *Feit*, however, requires that the wrongful acts cause plaintiff to become involved in litigation with a third party. Because there was no third-party litigation here, the general rule applies, and attorney fees are not available.

The judgment is affirmed.

Judge NEY and Judge CRISWELL * concur.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.2000.